## HOGSTON v LEONARD

TRIAL—DIRECTED VERDICT—MOTIONS—EVIDENCE—PRIMA FACIE CASE.
> A trial judge in deciding whether or not to grant a motion for a
> directed verdict must accord the nonmoving party the benefit of
> viewing the testimony and all legitimate inferences that may
> be drawn therefrom in a light most favorable to the nonmoving
> party; if the evidence, when viewed in this manner, establishes
> a prima facie case, the motion for a directed verdict should be
> denied.

Appeal from Wayne, Benjamin D. Burdick, J. Submitted October 12, 1977, at Detroit. (Docket No. 30677.) Decided January 4, 1978.

Complaint by Jay J. Hogston against Leonard H. Leonard, doing business as Goldigger's Lounge, for damages for personal injuries sustained by plaintiff after being assaulted and beaten by defendant's bartender. Judgment for plaintiff. Defendant appeals. Affirmed.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard*), for plaintiff.

*Hampton, Snavely, Ranno, Lightbody & Girard,* for defendant.

Before: D. E. HOLBROOK, P. J., and N. J. KAUF-MAN and J. E. McDONALD,* JJ.

N. J. KAUFMAN, J. Defendant appeals from a

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 496–500.
* Circuit judge, sitting on the Court of Appeals by assignment.

$10,000 judgment, entered pursuant to an adverse jury verdict, for injuries sustained by plaintiff after being assaulted and beaten by defendant's bartender. On appeal, defendant contends that plaintiff did not present evidence showing that the bartender was acting within the scope of his employment. Therefore, defendant argues that his motion for a directed verdict should have been granted by the trial court. We disagree.

Our standard of review has been oft enunciated by the Supreme Court. See *e.g. Caldwell v Fox,* 394 Mich 401, 407; 231 NW2d 46 (1975), noting:

"In deciding whether or not to grant a motion for a directed verdict, the trial judge must accord to the non-moving party the benefit of viewing the testimony and all legitimate inferences that may be drawn therefrom in a light most favorable to the non-moving party. If the evidence, when viewed in this manner, establishes a prima facie case, the motion for a directed verdict must be denied."

An application of that standard to the facts of this case leads us to the conclusion that a prima facie case was established. The evidence, in the light most favorable to plaintiff, shows that after plaintiff had consumed a sufficient amount of alcohol to appear drunk, the bartender threw him through the swinging doors of the bar and onto the street, where the bartender proceeded to beat plaintiff, inflicting serious injury.

Affirmed.